**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CV-20-08072-PCT-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Jeffrey S. Page, | |
| Defendant. | |

Pending before the Court is the government's motion for default judgment against Defendant Jeffrey S. Page. (Doc. 15). The Court now rules on the motion.

I.    **BACKGROUND**

We all make mistakes, the federal government included. This case involves a mistake the Internal Revenue Service (IRS) made on May 5, 2017, when it mailed Page an erroneous $491,104.01 tax refund check, which Page cashed on April 5, 2018. (Doc. 1 at 3). After Page did so, the IRS contacted Page and requested that he return the money to the government. (*Id.*). On December 6, 2019, Page returned $210,000 of the erroneous refund but not the rest. (*Id.*). On March 31, 2020, the government filed this case under 26 U.S.C. § 7405 to recover the remaining balance of the erroneous refund plus interest. (*Id.* at 1). The government alleges that Page retained the remainder of the refund for his personal use and enjoyment. (*Id.* at 3).

On June 16, 2020, the government filed Page's waiver of service. (Doc. 10). Because Page did not file a responsive pleading within 60 days of the government's waiver

request, the government moved for default on August 24, 2020 under Federal Rule of Civil Procedure ("Rule") 55(a). (Doc. 11). The clerk entered default on August 25, 2020, and the government moved for default judgment under Rule 55(b) on February 17, 2021. (Doc. 13, Doc. 15).

## II.   LEGAL STANDARD

Once the clerk has entered default, a court may, but is not required to, grant default judgment under Rule 55(b). *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (*per curiam*). In considering whether to enter default judgment, a court may consider the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). When considering these factors, a defendant is deemed to have admitted all well-pleaded allegations in the complaint. *DirecTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 851 (9th Cir. 2007). The Court considers these factors below.

## III.   DISCUSSION

### a.   Merits of Plaintiff's Substantive Claim and Sufficiency of the Complaint

"The Ninth Circuit has suggested that . . . two *Eitel* factors — involving the substantive merits of plaintiff's claim and the sufficiency of the complaint — require that [a plaintiff's] allegations 'state a claim on which the [plaintiff] may recover.'" *Kloepping v. Fireman's Fund*, No. C 94-2684 TEH, 1996 WL 75314, at *2 (N.D. Cal. Feb. 13, 1996) (quoting *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)) (second alteration in original). The Court finds that these two factors weigh strongly against default judgment.

In this case, 26 U.S.C. § 7405 authorizes the government to recover an erroneous tax refund through a civil action. However, subject to an exception not relevant here, when the government sues to recover an erroneous refund, 26 U.S.C. § 6532(b) provides that

recovery "shall be allowed only if such suit is begun within 2 years after the making of such refund." Under Ninth Circuit law, "[t]he refund is considered to have been made on the date the taxpayer received the refund check." *United States v. Carter*, 906 F.2d 1375, 1377 (9th Cir. 1990); *see also O'Gilvie v. United States*, 519 U.S. 79, 91 (1996) ("[T]he law ordinarily provides that an action to recover mistaken payments of money accrues upon the receipt of payment." (internal quotation marks and citation omitted)). "Although the statute of limitations is ordinarily an affirmative defense that the defendant must raise at the pleadings stage and that is subject to rules of forfeiture and waiver, district courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted." *Donell v. Keppers*, 835 F. Supp. 2d 871, 877 (S.D. Cal. 2011) (quoting *Walters v. Indus. & Commer. Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011)); *see also Taiwan C.R. Litig. Org. v. Kuomintang Bus. Mgmt. Comm.*, 486 F. App'x 671, 671–72 (9th Cir. 2012) ("[T]he district court did not err by addressing the statute of limitations issue sua sponte in ruling on plaintiffs' motion for default judgment.").

The government initiated the instant action on March 31, 2020. (Doc. 1). Therefore, the earliest Page could have received the erroneous refund check for the government's suit to fall within the statute of limitations is March 31, 2018. Although the government's complaint does not allege when Page received the refund check, the government mailed Page the erroneous refund on May 5, 2017, and it defies common sense to believe it took 330 days for Page to receive the check in the mail. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (recognizing that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). Accordingly, it is apparent from the face of the government's complaint that its claim is barred by the statute of limitations.

The government, however, argues that the statute of limitations does not begin to run when Page received the check, but rather when Page cashed the check on April 5, 2018. (Doc. 15 at 8–11). The government notes that the Ninth Circuit in *Carter* and the Supreme

Court in *O'Gilvie* considered two possible points at which the statute of limitations could begin to run: the date on which the IRS sent the erroneous refund check and the date on which the taxpayer received it. *O'Gilvie*, 519 U.S. at 90–92; *Carter*, 906 F.2d at 1377. In both cases, the Courts determined the statute of limitations began to run when the taxpayer received the check but did not consider whether the better starting point would be the date on which the check cleared. *O'Gilvie*, 519 U.S. at 91–92; *Carter*, 906 F.2d at 1377.

Instead, the government directs the Court to *United States v. Commonwealth Energy Sys. & Subsidiary Cos.*, 235 F.3d 11 (1st Cir. 2000), and *United States v. Greene-Thapedi*, 398 F.3d 635 (7th Cir. 2005). Both cases characterized the Supreme Court's statements on the issue in *O'Gilvie* as dicta and, consequently, did not consider *O'Gilvie* binding. In *Commonwealth Energy*, the First Circuit also declined to follow *Carter*, explaining that *Carter* "assumed, without elaboration, that the date a refund is 'made' is the date it is received, and did not address the important policies which [the First Circuit] considered in choosing between the date of receipt rule and date of clearance rule." 235 F.3d at 14. Instead, *Commonwealth Energy* concluded that the statute of limitations began to run "at the time the check cleared the Federal Reserve and payment was authorized by the Treasury" and observed that "[u]sing the check-clearing date here both satisfies the rule that we construe statutes of limitations in favor of the Government and provides a certain limitations date by which the Government must abide." *Id.* In *Greene-Thapedi*, the Seventh Circuit adopted the holding of *Commonwealth Energy* and dismissed *Carter* as "just another case in which the court was presented with a choice between the date of mailing and the date of receipt." 398 F.3d at 639.

This Court, however, is not at liberty to depart from *Carter* in light of what the government believes is a better rule adopted by other Circuits. Unless and until the Ninth Circuit chooses to revisit, clarify, or depart from *Carter*, it remains binding on this Court. And, under *Carter*, a "refund is considered to have been made on the date the taxpayer received the refund check." 906 F.2d at 1377.

Accordingly, the Court finds that the government's claim is barred by

26 U.S.C. § 6532(b), and this weighs strongly against granting the government's motion.

**b.      Remaining Factors**

The Court's consideration of the remaining *Eitel* factors is fairly straightforward.

First, the Court finds that the government will be prejudiced in the absence of default judgment. Page received a considerable amount of money from the government to which he is not entitled, and the government has failed to collect the money from Page without court intervention. Accordingly, this factor weighs in favor of default judgment.

Next, the government concedes that the amount at issue is substantial, which weighs against granting default judgment, as does public policy favoring decisions on the merits.

Conversely, because all well-pleaded allegations of the complaint are deemed true upon the entry of default, *DirecTV*, 503 F.3d at 851, there are no genuine issues of material fact, which favors granting default judgment.

Further, because Page was made aware of the commencement of this case and waived service, the record presently before the Court does not reflect that Page's failure to file a responsive pleading was the product of excusable neglect, and this factor also weighs in favor of the government.

**c.      Summary**

Balancing the *Eitel* factors, the Court does not find the government entitled to default judgment. Although the government has shown prejudice and the lack of material issues of fact or excusable neglect, it has not presented a meritorious substantive claim, its complaint is insufficient on its face, and the remaining factors weigh in Page's favor. Under these circumstances, the Court does not find that the government should be able to collect a debt otherwise uncollectable under 26 U.S.C. § 6532(b) because Page has failed to file a responsive pleading.

**IV.   CONCLUSION**

For the foregoing reasons,

**IT IS ORDERED** that the government's Motion for Default Judgment (Doc. 15) is **DENIED**.

1

**IT IS FURTHER ORDERED** that within 14 days of this Order, the government

2   shall show cause as to why this case should not be dismissed with prejudice as barred by

3   26 U.S.C. § 6532(b). If the government fails to do so, the Clerk of Court shall dismiss this

4   case with prejudice and enter judgment accordingly.

5       Dated this 16th day of April, 2021.

6

7

8                                   James A. Teilborg
                              Senior United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28