**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CV-20-08072-PCT-JAT |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Jeffrey S Page, | |
| Defendant. | |

Before the Court is the government's response to the Court's April 16, 2021 Order to Show Cause. (Docs. 16, 18). For reasons that follow, the Court will grant the government's request to conduct limited discovery.

## I.    BACKGROUND

In this case, the government sued Defendant Jeffrey S. Page under 26 U.S.C. § 7405 to recover an erroneous tax refund. Page did not respond, and after the clerk entered default, the government moved for default judgment. (Docs. 13, 15). The Court denied the government's motion for default judgment and ordered the government to show cause as to why this case should not be dismissed with prejudice as barred by the statute of limitations. (Doc. 16).

In that Order, the Court noted that under 26 U.S.C. § 6532(b), recovery of an erroneous tax refund "shall be allowed only if such suit is begun within 2 years after the making of such refund," and under Ninth Circuit law, "[t]he refund is considered to have been made on the date the taxpayer received the refund check." *United States v. Carter*,

906 F.2d 1375, 1377 (9th Cir. 1990).

The government's complaint alleges that the IRS mailed the erroneous refund check on May 5, 2017 and that Page cashed the check on April 5, 2018. (Doc. 1 at 2, 3). The government did not bring the instant suit until March 31, 2020. (Doc. 1 at 5). Although the complaint does not allege when Page received the erroneous refund check, the Court noted that it defies common sense to believe it took 330 days for Page to receive the check in the mail. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (recognizing that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). (Doc. 16 at 3).

## III.    DISCUSSION

The government's response argues that this case is not barred because it was filed within two years of Page *cashing* (rather than receiving) the erroneous refund check and because *Carter* does not control the statute of limitations issue presented in this case. (Doc. 18 at 8–13). In the alternative, the government requests limited discovery to determine when exactly Page received the erroneous refund check. (Doc. 18 at 13–14). The Court addresses each in turn.

### a.    Application of *Carter*

The government argues that *Carter* is not binding because "[t]he *Carter* court did not consider the issue before this Court in this case, i.e. whether the statute of limitations pursuant to 26 U.S.C. § 6532(b) begins to run on the date of issuance of the check, the date the check was received by the taxpayer, **or the date the check was cashed by the taxpayer**." (Doc. 18 at 9). Because the Ninth Circuit did not consider whether the starting point should be the date the check was cashed by the taxpayer, the government argues that *Carter* does not apply here. The Court disagrees.

A district court may not depart from the holding of a published opinion from its circuit's court of appeals. *See Hart v. Massanari*, 266 F.3d 1155, 1170 (9th Cir. 2001). "In determining whether it is bound by an earlier decision, a court considers not merely the

'reason and spirit of cases' but also 'the letter of particular precedents.'" *Id.* (quoting *Fisher v. Prince*, 97 Eng. Rep. 876, 876 (K.B. 1762)). "This includes not only the rule announced, but also the facts giving rise to the dispute . . . ." *Id.* "Insofar as there may be factual differences between the current case and the earlier one, the court must determine whether those differences are material to the application of the rule or allow the precedent to be distinguished on a principled basis." *Id.* at 1172.

In *Carter*, the government mailed the defendant an erroneous tax refund check and sued to recover under 26 U.S.C. § 7405. *See* 906 F.2d at 1377–78. The district court granted summary judgment in favor of the government, and the defendant appealed, arguing that "the limitation period began running on the date the government mailed the erroneous refund check, rather than the date he received the check." *Id.* at 1377. The Ninth Circuit disagreed and held that "[t]he refund is considered to have been made on the date the taxpayer received the refund check." *Id.*

The relevant facts in *Carter* and in this case are the same; namely, the government mailed a taxpayer an erroneous refund check and seeks to recover the money under 26 U.S.C. § 7405. And in such a case, the Court reads *Carter* to set the point at which the statute of limitations begins to accrue as "the date the taxpayer received the refund check." *See* 906 F.2d at 1377.

Accepting the government's position that *Carter* does not apply because the government now argues that the statute of limitations should begin to accrue when the check clears the Federal Reserve would undermine *Carter*'s literal meaning. *Cf. Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1106 (9th Cir. 2016) (Ikuta, J., dissenting) ("While we have the authority to distinguish precedent on a principled basis, we are not free to ignore the literal meaning of our rulings, even when the panel believes the precedent is 'unwise or incorrect.'" (quoting *Hart*, 266 F.3d at 1170)). *Carter* speaks in no uncertain terms, it does not cabin its decision to a choice among the particular arguments raised in that case, and the Court must assume that this decision was intentional. *See Hart*, 266 F.3d at 1175 ("A judge drafting a precedential opinion must not only

consider the facts of the immediate case, but must also envision the countless permutations of facts that might arise in the universe of future cases.").

The government argues that the Court's interpretation of *Carter* is "overly restrictive," but the government's proposed interpretation is even more restrictive, limiting *Carter*'s holding to cases in which the parties make the same arguments as the parties did there. (Doc. 18 at 9). The Court acknowledges that the government did not argue that the statute of limitations should begin to accrue at the time the check clears the Federal Reserve in *Carter*, but the Ninth Circuit has recognized that "[a] system of strict binding precedent . . . suffers from the defect that it gives undue weight to the first case to raise a particular issue." *Hart*, 266 F.3d at 1175. "This is especially true in the circuit courts, where the first panel to consider an issue and publish a precedential opinion occupies the field, whether or not the lawyers have done an adequate job of developing and arguing the issue." *Id.* Here, *Carter* "occupies the field," and the Court cannot disregard its holding because the government now raises a new argument.

Moreover, *Carter* cited *United States v. Woodmansee*, 388 F. Supp. 36, 46 (N.D. Cal. 1975), *rev'd on other grounds*, 578 F.2d 1302 (9th Cir. 1978), to support its holding. *Woodmansee* considered the specific argument the government makes in this case and held that the statute of limitations begins to accrue when the taxpayer receives the check rather than when the taxpayer cashes the check. *Id. Carter*'s reliance on *Woodmansee* indicates that the Ninth Circuit was aware of the argument the government now makes in reaching its decision. The government points out that other courts have criticized *Woodmansee*'s reasoning, *see United States v. Commonwealth Energy Sys. & Subsidiary Cos.*, 235 F.3d 11, 13 n.2 (1st Cir. 2000) (characterizing *Woodmansee*'s reasoning as "seriously flawed" and noting that "[i]f the *Woodmansee* court had followed its own logic, . . . it would have held for the Government rather than the taxpayer"). But, again, this Court cannot depart from Ninth Circuit precedent simply because the Court determines that the underpinnings of that precedent are flawed. *See Hasbrouck v. Texaco, Inc.*, 663 F.2d 930, 933 (9th Cir. 1981) ("District courts are bound by the law of their own circuit . . . no matter how

egregiously in error they may feel their own circuit to be." (citation omitted)).

Because the Court is bound by *Carter*, it is not at liberty to instead follow *Commonwealth Energy*, 235 F.3d at 11, and *United States v. Greene-Thapedi*, 398 F.3d 635 (7th Cir. 2005), as the government suggests. Although those cases considered the precise argument that is at issue in this case and adopted the government's position, they did so as matters of first impression in their respective circuits and did not have to consider the binding effect of *Carter*.[1]

In sum, the Court has considered whether *Carter* applies in this case in light of the government's helpful response to the Order to Show Cause, but the Court is not persuaded to depart from its original analysis.

**b.  Limited Discovery**

In the alternative, the government requests that the Court "grant the United States permission to conduct discovery, including issuing [Page] a deposition subpoena in order to determine when, in fact, he received the check at issue." (Doc. 18 at 13).

Because, as the government notes, it is conceivable (though unlikely) that it took 330 days or more for the erroneous refund check to reach Page by mail, the Court will allow the government to conduct limited discovery to support its argument that this case should not be dismissed. However, because the government seeks only to discover the date on which Page received the erroneous refund check, the Court does not find that issuing a deposition subpoena is necessary to accomplish that purpose.

Accordingly, the Court will allow the government to serve 5 written interrogatories to Page **related to the date he received the refund check**. *See* Fed. R. Civ. P. 33. The Court finds that this limited course of discovery will allow the government to discover the information it seeks without undue burden.

_____
[1] The cases did, however, consider whether they were bound by the Supreme Court's opinion in *O'Gilvie v. United States*, 519 U.S. 79, 91 (1996). Because this Court determines that it is bound by *Carter*, the Court does not consider the binding effect of *O'Gilvie*.

## IV.   CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the government's request to conduct limited discovery is **GRANTED** as specified above.

**IT IS FURTHER ORDERED** that the government shall serve a copy of the interrogatories and a copy of this Order on Page within 14 days of this Order.

**IT IS FURTHER ORDERED** that Page shall have 30 days from the date of service to respond to the interrogatories.

**IT IS FURTHER ORDERED** that if Page fails to timely respond to the government's written interrogatories, the Court will consider the failure to constitute an admission that Page received the refund check on the date it was cashed and will allow the government to again move for default judgment on that basis.

**IT IS FURTHER ORDERED** that by 60 days from the date of this Order, the government shall either re-move for default judgment, or file a supplement to the show cause response, whichever the government deems appropriate after conducting the limited discovery permitted by this Order.

Dated this 28th day of June, 2021.


James A. Teilborg
Senior United States District Judge