**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Jeffrey S Page,<br><br>    Defendant. | No. CV-20-08072-PCT-JAT<br><br>**ORDER** |

Pending before the Court is Defendant Jeffrey Page's motion to set aside default, (Doc. 48). The Government responded, (Doc. 49). For the following reasons, the Court will deny Defendant's motion.

## I.  BACKGROUND

In short summary, the Government sent Defendant an erroneous tax refund and Defendant wrongly retained $277,641.01. (*See generally* Doc. 1; Doc. 46 at 1-2 (prior Order with more detailed factual and procedural background)). In a previous Order dated April 15, 2025, the Court granted the Government's motion for default judgment. (Doc. 46 at 2-6). The Court also explained why Defendant's motion to dismiss, (Doc. 40), did not change the outcome of default judgment. (Doc. 46 at 7-8). Defendant now asks the Court to set aside default judgment under Federal Rule of Civil Procedure 55(c). (*See generally* Doc. 48).

## II.  LEGAL STANDARD

"Pursuant to Rule 55(c), a district court may set aside the entry of default upon a

showing of good cause. *Once default judgment has been entered, relief is governed by Rule 60(b).*" *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1110 (9th Cir. 2011) (emphasis added). Rule 60(b) sets forth six grounds for relief: "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted). The moving party bears the burden of proving the existence of a basis for Rule 60(b) relief. *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988). Although the moving party's factual allegations are to be accepted as true, mere legal conclusions, general denials, or simple assertions are insufficient to justify overturning the underlying judgment. *Id.*

### III. DISCUSSION

#### a. Rule 60(b)(1)

Defendant argues "good cause exists to set aside default." (Doc. 48 at 1). "Good cause" is the standard under Rule 55(c). However, as discussed above, Rule 55(c) does not apply after default judgment has been entered, as it has been in this case, (Doc. 46). Rule 60(b) is therefore the governing rule. Although Defendant does not reference a subsection of Rule 60(b), or any caselaw, his argument loosely tracks the three-factor test for relief under Rule 60(b)(1).[1] Thus, the Court will liberally construe Defendant's motion to set aside default judgment and address Defendant's theory of relief under Rule 60(b)(1).

"Where a defendant seeks relief under Rule 60(b)(1) based upon 'excusable neglect,' the court applies the same three factors governing the inquiry into 'good cause' under Rule 55(c)." *Brandt*, 653 F.3d at 1110. "Those factors, which courts consistently refer to as the '*Falk* factors,' are: (1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default." *Id.* (citing *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).

Here, the *Falk* factors favor the Government. First, the Government would be

---

[1] This makes sense because, as discussed below, the factors for Rule 55(c) and Rule 60(b)(1) are the same.

prejudiced if default was set aside. Even though the Government recovered $210,000, Defendant kept $277,641.01 of the Government's money. If default was set aside, the Government would have to restart its efforts to recover this money, in 2025, in a case that was filed in 2020. Moreover, the Government has already given Defendant numerous opportunities to voluntarily return the remaining money. Defendant has not done so, which suggests that the Government's only recourse is through litigation.

Second, Defendant has not presented a meritorious defense. In fact, Defendant admits that he "receiv[ed] an erroneous refund and acknowledges the obligation to resolve the remaining balance." (Doc. 48 at 2). And although Defendant "strongly disputes the accumulation of interest" during the appeal, as discussed below, such is not a meritorious defense.

Defendant also argues that his absence from this case is excused by "poor legal guidance." (Doc. 48 at 1). As the Court previously explained, "[w]hile this may be a reason to pursue a separate legal action against the unnamed individual who allegedly gave this legal advice, the existence of bad legal advice, or regret about a prior decision, does not, and cannot, undo the entry of default." (Doc. 46 at 5 n. 4).

Finally, while a closer call, Defendant's culpable conduct at least arguably led to the default. Defendant does not dispute the Government's assertion that he has been aware of this case from the beginning. Instead, Defendant argues that he did not appear for a variety of other reasons, many of which have already been considered by the Court. (*See, e.g.,* Doc. 46 at 5-6). Here, Defendant again says that he "believed in good faith that the case was closed and that no further action was required" while the case was on appeal. (Doc. 48 at 1). However, as the Government notes, Defendant was represented by counsel during the appeal to the Ninth Circuit. (Doc. 49 at 2). It is therefore extremely unlikely that Defendant was unaware of the case's ongoing nature at that time. In conclusion, Defendant is not entitled to relief under Rule 60(b)(1).

### b. Amount of Interest

Defendant also asks the Court to "[r]ecalculate the judgment amount" to "exclude[e]

interest accrued between October 25, 2021 and September 24, 2024, when this case was dismissed." (Doc. 48 at 2). In other words, Defendant asks the Court to "abate," or "remove," the interest that accrued while Defendant's case was being appealed.[2]

An erroneous tax refund that is recoverable by suit pursuant to 26 U.S.C. § 7405, like the erroneous refund here is, "*shall* bear interest . . . from the date of the payment of the refund." 26 U.S.C. § 6602 (emphasis added). As the Ninth Circuit held in this case, "the date of the payment of the refund" is the date that the refund check cleared. (Doc. 33-1 at 8). Put together, the following is clear: interest on an erroneous refund accrues from the date that the refund check cleared. The Court[3] does not have discretion under the statute to "pause" interest accrual or to remove interest already accrued.[4]

**IV.  CONCLUSION**

Accordingly,

**IT IS ORDERED** that Defendant's motion to set aside default, (Doc. 48), is **DENIED**.

Dated this 2nd day of May, 2025.

_____
James A. Teilborg
Senior United States District Judge

---

[2] October 25, 2021 is the date that the Court dismissed this case with prejudice as untimely and barred by the statute of limitations. (*See generally* Doc. 23). September 24, 2024 is the date that the Court ordered Plaintiff to either file a motion for default judgment or a status report regarding how the case should proceed. (*See generally* Doc. 34). In between October 25, 2021 and September 24, 2024, the Government appealed. (*See generally* Doc. 25 (notice of appeal dated December 20, 2021); Doc. 33 (Ninth Circuit mandate dated September 23, 2024)).

[3] On the other hand, it appears that the Secretary of the Treasury has the ability to abate the accrual of interest in some, limited circumstances. *See, e.g.,* 26 U.S.C. § 6404. Nonetheless, because the statute permits the Secretary, not the Court, to grant an abatement, it is not for this Court to opine on whether those limited circumstances are present here.

[4] For this reason, courts have advised recipients of erroneous refund checks to "retain[] the erroneous refund check while inquiring about its validity, or [] return[] it to the IRS uncashed." *United States v. Lasbury*, No. CIV 82-1212-PHX-VAC, 1983 WL 1682, at *3 (D. Ariz. Nov. 22, 1983).