WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Jeffrey S Page,<br><br>    Defendant. | No. CV-20-08072-PCT-JAT<br><br>**ORDER** |

Pending before the Court is Defendant Jeffrey Page's motion for relief from judgment under Federal Rule of Civil Procedure 60(b). (Doc. 51). The Government responded. (Doc. 52). For the following reasons, the Court will deny Defendant's motion.

## I.   BACKGROUND

In short summary, the Government sent Defendant an erroneous tax refund and Defendant wrongly retained $277,641.01. (*See generally* Doc. 1; Doc. 46 at 1-2 (prior order with more detailed factual and procedural background)). The Clerk of the Court entered Defendant's default on August 25, 2020. (Doc. 13). The case then went through an appeal. After the appeal, the Government moved for default judgment against Defendant. (Doc. 39). The Court granted that motion and directed the Clerk of the Court to enter default judgment against Defendant; the Clerk did so the same day. (Docs. 46, 47). The Court subsequently denied Defendant's motion to set aside default judgment on May 2, 2025. (Doc. 50).

Defendant now asks the Court to "reopen the period to file a notice of appeal"

because Defendant "was not served with or otherwise notified" of the Court's prior order at Doc. 50. (Doc. 51 at 1). Defendant separately asks the Court to "set aside" its prior order at Doc. 50. (Doc. 51 at 2).

## II.  DISCUSSION

### a. Right to Appeal

Under Federal Rule of Appellate Procedure 4(a)(1)(B), when one of the parties is the United States or a United States agency, a notice of appeal may be filed <u>within 60 days after entry of the judgment</u>. However, if a party files a motion under Federal Rule of Civil Procedure 60 within 28 days of the entry of judgment, the time to file an appeal runs from the date of the order disposing of that motion. Fed. R. App. P. 4(a)(4).

Here, the Court entered judgment on April 15, 2025. (Docs. 46 (order granting default judgment), 47 (entry of default judgment)). However, Defendant filed a motion under Federal Rule of Civil Procedure 60[1] wherein Defendant asked the Court to set aside default judgment. (Doc. 48). The Court denied that motion on May 2, 2025. (Doc. 50). Thus, the time for Defendant to file a notice of appeal runs from May 2, 2025, because that is the date of the Court's order that disposed of Defendant's Rule 60 motion. Defendant therefore has until **July 1, 2025** (60 days after May 2) to file a notice of appeal.

Defendant appears to believe that he "was denied a timely opportunity to file an appeal or take further action to protect his rights." (Doc. 51 at 1). Similarly, Defendant says he seeks to "properly preserve his appellate rights and address the merits of the Court's ruling." (Doc. 51 at 2). However, because the time for appeal has not yet expired, Defendant's right to appeal is fully intact. Thus, there is no need for the Court to "reopen the period to file a Notice of Appeal under applicable rules" as Defendant requests. (Doc. 51 at 2). If Defendant believes he needs additional time to file his notice of appeal, he must file a motion "no later than 30 days after the time prescribed by [] Rule 4(a) expires" and Defendant must show "excusable neglect or good cause." Fed. R. App. P. 4(a)(5).

---

[1] Although Defendant's motion referenced Rule 55, as the Court noted in its order, because Defendant filed for relief *after* default judgment was entered, such relief was governed by Rule 60(b). (Doc. 50 at 1-2).

- 2 -

### b. Rule 60 Relief from a Judgment or Order

Defendant's motion also references Federal Rule of Civil Procedure 60(b)(6).[2] Under Rule 60(b)(6), the Court may relieve a party from a final judgment, order, or proceeding for "any other reason that justifies relief." Defendant asks for relief from the Court's order at Doc. 50 "based on the fact that Defendant was not served with or otherwise notified of the Court's ruling, and only discovered the entry of the Order by checking the docket manually." (Doc. 51 at 1). However, it appears to the Court that the crux of Defendant's request for relief is his right to appeal which, as discussed above, remains available. In other words, Defendant has immediate access to the relief he seeks, without any Court intervention.

Nonetheless, even if the Court considers whether it should relieve Defendant from its order denying Defendant's motion to set aside default, the Court finds that there is no justification for such relief. Generally, the time for appeal is not affected by lack of notice of the entry of an order or judgment *unless* the party did not receive notice within 21 days of entry.[3] *See* Fed. R. Civ. P. 77(d); Fed. R. App. P. 4(a)(6). While it appears unlikely that Defendant did not receive notice of the Court's order,[4] if true, Defendant discovered the order just 11 days later, "on or around May 13[,] 2025." (Doc. 51 at 1). Thus, the time for appeal is not affected. In conclusion, to the extent that Defendant's motion seeks relief under Rule 60, the Court does not find any reason that justifies such relief.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant Jeffrey Page's motion for relief from judgment, (Doc. 51), is **DENIED**. If Defendant desires to appeal, he must file a notice of appeal by **July 1, 2025**. Any motion for an extension of time to file a notice of appeal must comply

---

[2] This motion does not change the time Defendant has to file a notice of appeal because this motion was not filed within 28 days of the entry of judgment.

[3] The Court also notes that Rule 60(b) cannot be used as a means to extend the time to file a notice of appeal. *See Washington v. Schriro*, No. CIV 95-2460-PHX-JAT, 2006 WL 8424617, at *2 (D. Ariz. Feb. 24, 2006) (collecting cases).

[4] Notice went to: Jeffrey S Page coastlivetropicals@mac.com.

with Federal Rule of Appellate Procedure 4(a)(5) and will not be granted unless Defendant shows excusable neglect or good cause.

Dated this 10th day of June, 2025.

James A. Teilborg
Senior United States District Judge